**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 99-50728
Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ISRAEL BRITO-RODRIGUEZ,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Western District of Texas
(P-99-CR-78-ALL)**

_____

**May 16, 2000**

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Israel Brito-Rodriguez (Brito), convicted of possessing firearms while an alien illegally in the United States, contests the denial of his motion to suppress evidence found in the vehicle in which he and his wife were riding when stopped by Border Patrol Agents.

Brito does _not_ challenge the legality of the stop. Furthermore, Brito does _not_ challenge the court's holding that the search of the vehicle was valid as incident to his lawful arrest. _See **New York v. Belton**_, 453 U.S. 454, 462-63 (1981).

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Instead, Brito claims no evidence supported the Agents reasonably believed his wife had authority to consent to the search of the vehicle. However, one of the Agents testified Mrs. Brito told him "it was her mother's vehicle", which "had been given to her care". And, Mrs. Brito alone had access to, and control over, it, Brito having already been arrested for being an illegal alien and placed in another Agent's vehicle. Because Mrs. Brito was authorized to consent to the search, the court did not err by overruling Brito's suppression motion. *See, e.g., **United States v. Koehler***, 790 F.2d 1256, 1259-60 (5th Cir. 1986).

                                                   ***AFFIRMED***